IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TILLMAN LONG,

        Plaintiff,

vs.                                                      No. CIV 00-524 JC/KBM

MARK ROMERO d/b/a
MID-VALLEY AUTO SALES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant's Motion to Set Aside Default, filed August 15, 2000 *(Doc. 10)*. The Court has reviewed the motion, memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendant's motion is not well taken and will be denied.

**I.**      **Background**

On April 13, 2000, Plaintiff Tillman Long filed a complaint against Defendant Mark Romero (d/b/a Mid-Valley Auto Sales) alleging that Defendant failed to clearly disclose the annual percentage rate and the timing of payments on a vehicle loan. *See* Complaint for Damages at 1-2 *(Doc. 1)*. Plaintiff further claims that Defendant never disclosed the odometer reading and failed to provide Plaintiff with title to the vehicle. *See id.* Plaintiff served Defendant on April 20, 2000. A month later, counsel for Defendant filed an entry of appearance. *See* Entry of Appearance, filed May 25, 2000 *(Doc. 2)*.

On June 19, 2000, counsel for Plaintiff sent a settlement proposal via facsimile to counsel for Defendant. On the cover sheet, Plaintiff asked Defendant to either respond to the proposal or

file an answer to the complaint.  *See* Exhibit A, attached to Pl.'s Brief Opposing Df.'s Mot. to Set Aside Default, filed August 18, 2000 *(Doc. 13)*.  Two days later, counsel for Plaintiff sent another letter to counsel for Defendant asking him to either immediately respond to the settlement proposal or file an answer.  *See* Exhibit B, attached to Pl.'s Brief Opposing Df.'s Mot. to Set Aside Default.  Counsel for Defendant failed to respond to either letter for the following reasons: (1) he did not immediately see the incoming facsimile because it comes to the office next door, and (2) the client did not immediately react to the settlement offer.  *See* Memorandum Brief in Support of Def.'s Mot. to Set Aside Default at 1-2.  Defendant also failed to file an answer as required under Rule 12(a) of the Federal Rules of Civil Procedure.

On July 11, 2000, Plaintiff moved for an entry of default against the Defendant, and the following day, the Clerk of the Court entered a default and mailed notice to the parties.  Defendant now moves to set aside the entry of default.  *See* Def.'s Mot. to Set Aside Default, filed August 15, 2000 *(Doc. 10)*.

**II.**     **Discussion**

Defendant moves under Rules 55(c) of the Federal Rules of Civil Procedure to set aside the entry of default.  Under Rule 55(c), good cause is required to be shown for the court to set aside an entry of default.  The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense.  *See Hunt v. Ford Motor Co*., 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir.1995); *see also In re Dierschke*, 975 F.2d 181, 183 (5th Cir.1992).  These factors are not "talismanic" and the court may consider other factors.  *In re*

2

*Dierschke*, 975 F.2d at 184.  If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone.  *See id.*

Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default.  *See United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).  In addition, a defendant's conduct is culpable if he has received actual notice of the filing of the action and failed to answer.  *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

The Court finds that Defendant's conduct is culpable because he had actual notice of the action and failed to answer.  Defendant was aware of this lawsuit for over two months, and counsel for Defendant had more than month to respond to the complaint.  In addition, on at least two separate occasions, counsel for Plaintiff contacted counsel for Defendant requesting that some action be taken with regard to this matter.  *See* Pl.'s Brief Opposing Df.'s Motion to Set Aside Default at 1-2.  Defendant simply failed to respond.

The Court further finds that Defendant's conduct is culpable because he has no excuse for the default.  Counsel for Defendant claims that an answer was not promptly filed because his client was considering a proposed settlement offer from the Plaintiff.  *See* Memorandum Brief in Support of Def.'s Motion to Set Aside Default at 1.  Yet, the record indicates that Defendant made no attempt to communicate with or respond to Plaintiff's inquiries.  *See* Exhibits A and B, attached to Pl.'s Brief Opposing Df.'s Motion to Set Aside Default.  Counsel for Defendant also claims that he was unaware of correspondence from Plaintiff because his facsimile machine was located in an office next door.  *See id.*  The location of office equipment is an insufficient excuse for failing to respond to a complaint or communicate with opposing parties.

Furthermore, Defendant took more than a month to file a motion to set aside the entry of default.  Defendant provides the Court with the following excuses for failing to file this motion sooner:  (1) counsel had other commitments, (2) vacation activities, and (3) the inability of the Defendant and counsel to "match" their schedules.  Counsel for Defendant also claims that his briefcase was stolen from his paralegal's automobile on August 9, 2000.  These reasons are insufficient, and the Court finds that Defendant has failed to show good cause.

Wherefore,

IT IS ORDERED that Defendant's Motion to Set Aside Default, filed August 15, 2000 *(Doc. 10)* is hereby denied.

DATED January 30, 2001.

_____
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Richard N. Feferman, Esq.
    Law Office of Richard N. Feferman
    Albuquerque, NM

Attorney for Defendant:

    Gerald R. Bloomfield, Esq.
    Albuquerque, NM